IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARRY MICHAEL WRIGHT,

    Plaintiff,

v.                          CASE NO. 4:10-cv-474-SPM-GRJ

MORRIS YOUNG, et al.,

    Defendants.

_____/

## ORDER

This cause is before the Court on Plaintiff's Motions for Discovery and Defendant Young's Motion to Compel. (Doc. 31, 32, 33, 36, 37.) For the following reasons, the Plaintiff's Motions for Discovery are denied and Defendant Young's Motion to Compel is granted..

Plaintiff is a prisoner in the custody of the Florida Department of Corrections. He has filed a First Amended Complaint on the Court's civil rights complaint form to be used by prisoners for actions under 42 U.S.C. § 1983, alleging that prison officials placed him with a dangerous inmate who subsequently beat him. (Doc. 9.) He also alleges that prison medical staff was deliberately indifferent to the serious eye injuries that resulted from the beating, and that because of such indifference, Plaintiff is now blind in one eye. Two Defendants have moved to dismiss the complaint. (Doc. 22.) This Court has issued a Report and Recommendation, recommending that the complaint be dismissed as to Defendant Peterson but not as to Defendant Thompson. (Doc. 30.) As the Report and Recommendation has not yet been adopted, no

scheduling order has yet been issued.  The parties have begun discovery, however, and the Court granted the Defendants leave to depose Plaintiff.  (Doc. 27.)

Defendant Young says that in addition to deposing Plaintiff, he also asked Plaintiff to answer a set of interrogatories.  These interrogatories first were mailed on February 6, 2012, then hand-delivered on May 18, 2012.  Defendant Young says that he received Plaintiff's responses on June 18, 2012, but that the responses were incomplete.  In particular, he says that Plaintiff claimed to have previously sent documents that were not in fact sent, and claimed to have attached other documents that were not in fact attached.  On June 20, 2012, Defendant Young sent Plaintiff a letter requesting that Plaintiff cure the deficiencies in his response, but Plaintiff did not respond.

The Court finds that Defendant Young's Motion to Compel is due to be granted, and orders Plaintiff to provide full and complete responses to interrogatories nos 2, 6 and 13.  Defendant Young also asks for attorney's fees under Federal Rule of Civil Procedure 37.  Under Rule 37(a)(5)(A), the Court must order an award of attorney's fees to the prevailing party in a motion to compel. However, the Rule goes on to provide that the Court "must not order" a payment of fees if "other circumstances make an award of expenses unjust."  Fed.R.Civ.P. 37(a)(5)(A)(iii). The Court finds that an award of expenses would be unjust under these circumstances.  Plaintiff is proceeding *pro se*, and while his responses to the interrogatories were incomplete, it is evident that he made a good faith effort to answer the questions and submitted the responses in a timely manner.  Given Plaintiff's *pro se* status and his efforts at compliance, the Court declines to make an award of fees.

With respect to Plaintiff's discovery motions, the Court construes these filings as motions for issuance of subpoenas for the production of documents from the following non-parties: Bay Walk-In Clinic, Calhoun Liberty Hospital, Liberty County Community Health Center, Gulf County Health Department, Liberty Intermediate Care Facility, Walker Memorial Hospital, Twin Oaks, Inc., Calhoun County EMS, Florida Community Health Center, Gadsden County EMS, Seminole Youth Work Program, Regional Health Services Director- Region I, Chief Health Services Officer, Northside Medical Center, Gadsden County Health Department, Gulf Coast Medical Center Primary Care, Highlands Regional Medical Center, Lawnwood Medical Center, and Lake Placid Medical Center.

Although Plaintiff is proceeding *pro se*, once a *pro se* litigant is in court, "he is subject to the relevant laws and rules of the court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Plaintiff's request for the issuance of subpoenas to non-parties is governed by Fed. R. Civ. P. 45.  A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval.  However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant through a request for production of documents.  Fed.R.Civ.P. 34.  Further, when a motion for the issuance of a subpoena is brought in conjunction with discovery, the production sought by Plaintiff must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter relevant to a party's claim or defense" or any relevant information "reasonably

calculated to lead to the discovery of admissible evidence." Pursuant to Fed. R. Civ. P. 45(c)(1), the Court has an obligation to ensure that a requested subpoena would not pose an undue burden or expense on the person responding to the subpoena. Plaintiff also should be aware that because he has paid the filing fee and is not proceeding *in forma pauperis*, he will be required to pay the costs of serving any subpoenas.

Plaintiff wishes to serve subpoenas on nineteen different healthcare agencies and providers. The motions for discovery Plaintiff has filed do not disclose what records he is seeking from each non-party, or what relevance those records will have to his claims. Accordingly, the Court concludes that Plaintiff's motion for issuance of subpoenas should be denied. This ruling is made without prejudice to Plaintiff's filing a request for issuance of subpoenas that details exactly what he is seeking from each entity and how the subpoenaed documents will be relevant to the case.

Plaintiff is also advised that to the extent he seeks his own medical records from these non-parties, he may be able to obtain these records directly from the medical providers without the issuance of a subpoena by providing a release or other written request directly to the medical providers. Whether Plaintiff obtains these records directly or through the service of subpoenas, in all likelihood the Plaintiff will be required to prepay each medical provider for the reasonable costs of the copies.

Accordingly, upon due consideration, it is **ORDERED:**

(1)  Defendant Young's Motion to Compel, Doc. 32, is **GRANTED**. Plaintiff must provide full and complete responses to interrogatories nos. 2, 6 and 13 by **August 7, 2012**.

(2)  Plaintiff's motions for issuance of subpoenas, Docs. 31, 33, 36, and 37,

are **DENIED without prejudice**.

**DONE AND ORDERED** this 18th day of July 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge