IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARRY MICHAEL WRIGHT,

    Plaintiff,

v.   CASE NO. 4:10-cv-474-SPM-GRJ

MORRIS YOUNG, et al.,

    Defendants.

_____/

## ORDER

This cause is before the Court on Plaintiff's Motion for Discovery. (Doc. 40.) This motion is identical in form to Plaintiff's prior motions for discovery. (Docs. 31, 33, 36, 37.) Those motions were denied without prejudice on July 18, 2012. (Doc. 39.) For the same reasons, the instant motion is also denied.

Plaintiff is a prisoner in the custody of the Florida Department of Corrections. He has filed a First Amended Complaint on the Court's civil rights complaint form to be used by prisoners for actions under 42 U.S.C. § 1983, alleging that prison officials placed him with a dangerous inmate who subsequently beat him. (Doc. 9.) He also alleges that prison medical staff was deliberately indifferent to the serious eye injuries that resulted from the beating, and that because of such indifference, Plaintiff is now blind in one eye. Two Defendants have moved to dismiss the complaint. (Doc. 22.) This Court has issued a Report and Recommendation, recommending that the complaint be dismissed as to Defendant Peterson but not as to Defendant Thompson. (Doc. 30.) As the Report and Recommendation has not yet been adopted, no

scheduling order has yet been issued.  The parties have begun discovery, however, and the Court granted the Defendants leave to depose Plaintiff.  (Doc. 27.)  The Court also granted Defendant Young's Motion to Compel Plaintiff to answer interrogatories on July 18, 2012.  (Doc. 39.)

The Court construes Plaintiff's discovery motion as a motion for issuance of subpoenas for the production of documents from the following non-parties: BASF–The Chemical Company, Apalachicola Public Health Department, Bayline Medical Center, Clinical Director of the Federal Bureau of Prisons, Bontrager Massage Therapy.

Although Plaintiff is proceeding *pro se*, once a *pro se* litigant is in court, "he is subject to the relevant laws and rules of the court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  Plaintiff's request for the issuance of subpoenas to non-parties is governed by Fed. R. Civ. P. 45.  A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval.  However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant through a request for production of documents.  Fed.R.Civ.P. 34.  Further, when a motion for the issuance of a subpoena is brought in conjunction with discovery, the production sought by Plaintiff must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter relevant to a party's claim or defense" or any relevant information "reasonably calculated to lead to the discovery of admissible evidence."  Pursuant to Fed. R. Civ. P. 45(c)(1), the Court has an obligation to ensure that a requested subpoena would not

pose an undue burden or expense on the person responding to the subpoena. Plaintiff also should be aware that because he has paid the filing fee and is not proceeding *in forma pauperis*, he will be required to pay the costs of serving any subpoenas.

Plaintiff wishes to serve subpoenas on four different healthcare agencies and providers, and one corporation. The motions for discovery Plaintiff has filed do not disclose what records he is seeking from each non-party, or what relevance those records will have to his claims. Accordingly, the Court concludes that Plaintiff's motion for issuance of subpoenas should be denied. This ruling is made without prejudice to Plaintiff's filing a request for issuance of subpoenas that details exactly what he is seeking from each entity and how the subpoenaed documents will be relevant to the case.

Plaintiff is also advised that to the extent he seeks his own medical records from these non-parties, he may be able to obtain these records directly from the medical providers without the issuance of a subpoena by providing a release or other written request directly to the medical providers. Whether Plaintiff obtains these records directly or through the service of subpoenas, in all likelihood the Plaintiff will be required to prepay each medical provider for the reasonable costs of the copies.

Accordingly, upon due consideration, it is **ORDERED:**

(1)   Plaintiff's motion for issuance of subpoenas, Doc. 40, is **DENIED without prejudice**.

**DONE AND ORDERED** this 20th day of July 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge