IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARRY MICHAEL WRIGHT,

    Plaintiff,

v.                                            CASE NO. 4:10-cv-474-SPM-GRJ

MORRIS YOUNG, et al.,

    Defendants.

_____/

## ORDER

This cause is before the Court on Plaintiff's "Motion for Reconsideration of Orders (Doc. 39, 41, 43); Motion for Sanctions Against Defendant Morris Young; Motion to File Objections to Motion to Compel Out-of-Time; and, Objections to Motion to Compel Answer to Interrogatories." (Doc. 45.) Defendant Young has filed a response. (Doc. 46.) For the following reasons, Plaintiff's motion is due to be granted in part and denied in part.

Plaintiff previously filed a number of discovery motions, which the Court construed as motions for issuance of subpoenas for the production of documents from non-parties. (Docs. 31, 33, 36, 37, 40, 42.) The Court denied each of these motions. (Docs. 39, 41, 43.) Plaintiff now requests reconsideration of the Court's orders. This request is granted to the extent that the Court takes Plaintiff's arguments into account in the present order.

Plaintiff claims that his filings were not intended to request issuance of subpoenas. Rather, Plaintiff says that he was "provid[ing] notice to the parties and non-

parties" as "a time and cost saving request," so that the non-parties could lodge objections prior to service of a subpoena (Doc. 45, at 2.) Insofar as Plaintiff believes that he can serve subpoenas on non-parties without Court approval, he is mistaken. As the Court noted in its prior orders denying Plaintiff's discovery motions, a *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from a non-party *only upon Court approval*. The Court repeated this—for the fourth time—in its order forbidding Plaintiff to mail subpoenas to non-parties. (Doc. 44.) Plaintiff has not received Court approval for issuance of subpoenas, and it is improper for him to send subpoenas that have not been issued by the Court directly to non-parties. This order will serve as the final warning to Plaintiff to cease mailing subpoenas to non-parties without Court approval. If he continues to do so, he will be sanctioned. Plaintiff is once again advised that he may apply to the Court for subpoenas, but such a request *must* be accompanied by a description of what records he is seeking from each non-party and what relevance the records have to his claim. In the instant motion, Plaintiff fails to provide such information, stating only that the records he seeks are "related to discoverable material of parties to the action." (Doc. 45, at 4.)

Defendant Young filed a motion to compel on July 16, 2012, based on Plaintiff's incomplete answers to three interrogatories. (Doc. 32.) The Court granted the motion and ordered Plaintiff to file complete answers to the interrogatories. (Doc. 39.) This order was issued prior to a response to the motion to compel. Plaintiff now requests permission to file objections to the motion to compel out of time. This motion is due to be granted to the extent that this order has taken Plaintiff's objections into account.

Plaintiff makes two primary objections to the motion to compel: 1) that much of the information that Defendant Young requested is in his own possession and control; and 2) that information not in Defendant Young's possession and control should be subpoenaed from non-parties. The interrogatories in question relate to Plaintiff's criminal history and medical history. Plaintiff says that he has attempted, in his motion, to provide complete responses to the interrogatories to the best of his ability, by listing as much of his criminal history as he remembers and by providing the medical records in his possession. Defendant Young, in response, says that he does not have access to Plaintiff's complete medical records. He says that he has asked Plaintiff to sign a release to facilitate discovery of the medical records but that Plaintiff has not done so. Defendant Young does not indicate whether he has access to Plaintiff's criminal history, or whether Plaintiff's response remains inadequate.

After considering Plaintiff's objections and Defendant Young's response, the Court orders Plaintiff to serve an amended response to Interrogatories Nos. 2, 6, and 13 on Defendant Young. This response should provide as much detail as possible about Plaintiff's criminal history and medical history. However, Defendant Young is also entitled to obtain Plaintiff's complete relevant medical records from the Department of Corrections and Plaintiff's doctor. Defendant Young accurately points out that obtaining these records would be greatly simplified by Plaintiff's signing a release, so that his records may be sent directly to Defendant Young by the medical provider. Defendant Young says that he has sent Plaintiff a release to be signed. Plaintiff should sign the release and return it to Defendant Young to facilitate the process of obtaining his medical records.

Plaintiff also requests sanctions against Defendant Young, apparently based on Defendant Young's filing of a motion to compel and request for attorney's fees. The motion for sanction is without merit and due to be denied.

Finally, Plaintiff requests reconsideration of the Court's denial of attorney's fees in its order granting Defendant Young's motion to compel. (Doc. 39.) This request appears to contemplate that the Court granted attorney's fees to Defendant Young in connection with the motion to compel. However, the Court denied Defendant Young's request for attorney's fees. Plaintiff's request for reconsideration of this issue is therefore denied as moot.

Accordingly, upon due consideration, it is **ORDERED:**

(1) Plaintiff's "Motion for Reconsideration of Orders (Doc. 39, 41, 43); Motion for Sanctions Against Defendant Morris Young; Motion to File Objections to Motion to Compel Out-of-Time; and, Objections to Motion to Compel Answer to Interrogatories," Doc. 45, is **GRANTED in part and DENIED in part**. Plaintiff's motion for reconsideration and motion to file objections to the motion to compel are **GRANTED** to the extent that Plaintiff's arguments have been considered by the Court. Plaintiff's motion for sanctions against Defendant Young is **DENIED**. Plaintiff's motion for reconsideration of the Court's denial of attorney's fees is **DENIED as moot**.

(2) Plaintiff must provide full and complete amended responses to

Interrogatories Nos. 2, 6 and 13 by **August 20, 2012**.

**DONE AND ORDERED** this 6th day of August 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge