IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARRY MICHAEL WRIGHT,

     Plaintiff,

v.                               CASE NO. 4:10-cv-474-SPM-GRJ

MORRIS YOUNG, et al.,

     Defendants.

_____/

**ORDER**

     This cause is before the Court on Plaintiff's "Objections to Magistrate Judge's Report and Recommendation (Doc. 30); Motion to Permit Extended Interrogatories; and to Compel Defendant Young's Answer to Plaintiff's Second Set of Interrogatories." (Doc. 50.)  Defendant Young has filed a response.  (Doc. 52.)  For the following reasons, Plaintiff's motion is due to be granted in part and denied in part.

     Plaintiff objects to the Report and Recommendation submitted by the undersigned, which recommended that the claims against Defendant Lamonte Peterson be dismissed.  (Doc. 30.)  The Report and Recommendation was filed on June 27, 2012, and was adopted by the District Judge on August 8, 2012.  (Doc. 48.) Plaintiff filed his objections on August 7, 2012, well after the fourteen-day period provided for the parties to object to the Report and Recommendation.  Plaintiff never requested any extension of time to file objections, and the objections are therefore untimely.  Even if the objections were timely filed, however, they must be addressed by the District Judge.  Therefore, the Court will direct that insofar as the objections may be

Case 4:10-cv-00474-RH-GRJ   Document 53   Filed 08/20/12   Page 2 of 5

*Page 2 of 5*

construed as a motion to consider objections out-of-time, the Clerk must refer them to the District Judge.

Plaintiff also requests that the Court direct Defendant Keyshonda Thompson to file an answer.  Defendant Thompson filed an answer on August 13, 2012.  (Doc. 51.) The Plaintiff's motion is therefore due to be denied as moot.

Plaintiff has served, and Defendant Young has responded to, a total of 25 interrogatories, as permitted by Federal Rule of Civil Procedure 33.  Plaintiff now requests that the Court grant him leave to serve a total of 75 interrogatories on Defendant Young.  Plaintiff has attached to his motion a copy of 23 additional interrogatories, titled "Plaintiff's Second Set of Interrogatories," but has not provided a copy of the 27 additional interrogatories he wishes to serve.  Defendant Young has responded to Plaintiff's request, stating that he does not oppose answering the Second Set of Interrogatories but does object to Interrogatory Nos. 2, 7, and 15 as "overbroad, unduly burdensome and not likely to lead to discoverable information."  (Doc. 52, at 2.) Defendant Young also requests Plaintiff be ordered "to pay the costs associated with locating, copying, redacting and compiling any responsive documents before receiving such documents."  *Id.* at 3.

The Court determines that Plaintiff has shown good cause for serving additional interrogatories on Defendant Young, but will impose the following limits.  Plaintiff's request to serve a total of 75 interrogatories is denied.  Plaintiff may serve only the Second Set of Interrogatories, as attached to his motion, but may not serve Interrogatory Nos. 2, 7, and 15.  Defendant Young's objection to Interrogatory Nos. 2, 7, and 15 is well-taken.  The Court agrees that these interrogatories are overbroad and

burdensome, and are not likely to lead to discoverable information in this case.

Finally, Defendant Young's request that Plaintiff be ordered to pay the costs of locating, copying, redacting, and compiling the documents that are responsive to Plaintiff's interrogatories is due to be granted in part and denied in part.  Plaintiff will not be required to pay the costs of locating, redacting, or compiling the responsive documents.  Defendant Young has stated that he will be required to "expend extensive time and resources to fully answer" Plaintiff's interrogatories, but has provided no detailed information about why the documents are difficult to locate, what types of resources will be involved, and how much time will be required.  (Doc. 52, at 3.)  In the absence of any detailed justification for requesting Plaintiff to bear these costs—and with no estimate of what the costs might be—the request will be denied.

Plaintiff will, however, be required to pay the costs of copying documents responsive to his requests.  Under Federal Rule of Civil Procedure 33(d), the responding party has the option to produce business records "if the burden of deriving or ascertaining the answer will be substantially the same for either party."  The responding party may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," and by "giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."  *Id.*  In short, Defendant Young may respond to the interrogatories by making documents available to be examined and copied, but is not obligated to provide free copies to Plaintiff.  If Plaintiff wishes to have copies of the documents that are responsive to his interrogatories, he must provide payment for

those copies in advance.[1]  *See Barrows v. Koninklijke Luchtvaart Maatschappij*, 11

F.R.D. 400 (S.D. N.Y. 1951) (requiring the requesting party to pay for copies of

documents responsive to interrogatories, and noting that if the requesting party had

filed a request for production of documents under Rule 34, it would have had to pay for

copies) (cited in 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice &

Procedure* § 2178 (3d ed. 2004).

Accordingly, upon due consideration, it is **ORDERED:**

(1)     Plaintiff's "Objections to Magistrate Judge's Report and Recommendation

(Doc. 30); Motion to Permit Extended Interrogatories; and to Compel

Defendant Young's Answer to Plaintiff's Second Set of Interrogatories,"

Doc. 50, is **GRANTED in part and DENIED in part**.  Plaintiff's motion to

direct Defendant Keyshonda Thompson to file an answer is **DENIED as

moot**.  Plaintiff's motion to serve additional interrogatories is **GRANTED

in part**.  Plaintiff may serve only the interrogatories contained in his

"Second Set of Interrogatories," but must not serve Interrogatory Nos. 2,

7, and 15.  Defendant Young may respond to the interrogatories by

making documents available for inspection.  To the extent that Plaintiff

---

[1]The Court notes that it appears that Plaintiff has served only interrogatories, not requests to produce documents under Federal Rule of Civil Procedure 34.  Under Rule 34, the result would be the same—"[h]owever the documents are organized for production, the party who has made them available for inspection need not itself make copies for the use of the discovering party."  8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2213 (3d ed. 2004) (citing *Lenard v. Greenville Mun. Separate Sch. Dist.*, 75 F.R.D. 448 (N.D. Miss. 1977)).

wishes to obtain copies of those documents, he must pay for the copies in advance.  Plaintiff's motion to compel Defendant Young's answer to the second set of interrogatories is **DENIED as moot**.

(2)     The Clerk must refer the objections to the Report and Recommendation to the District Judge.

**DONE AND ORDERED** this 20th day of August 2012.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge