IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HARRY MICHAEL WRIGHT,

    Plaintiff,

v.                                                   CASE NO. 4:10-cv-474-SPM-GRJ

MORRIS YOUNG, et al.,

    Defendants.

_____/

## ORDER

This cause is before the Court on Plaintiff's "Objections to Defendant's Medical Records Demand; Motion for Protective Order; and, Notice of Defendant's Limited Waiver of Medical Records," (Doc. 54); Plaintiff's "Motion for Reconsideration of Order (Doc. 53), Motion for Leave to Serve Amended Interrogatories on Defendant Morris Young as to Interrogatories #2, 7, and 15," (Doc. 55); and Plaintiff's "Motion to Compel Defendant Sutton's Answer to Plaintiff's Second Set of Interrogatories, and Motion for Evidentiary Hearing on False Answers." (Doc. 56.) Defendants have filed a response. (Doc. 60.) Plaintiff has also filed a "Motion for Extending the Deadline of the Case Management and Scheduling Order," (Doc. 58); a "Motion for Form(s) AO 88B Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action," (Doc. 59); and a "Motion to Compel an Answer to This Court's Order to Show Cause." (Doc. 65.) Defendants have responded to the motions. (Docs. 61, 62, 66.) For the following reasons, Plaintiffs' motions are due to be granted in part and denied in part.

Plaintiff first requests that the Court issue a protective order, arguing that

Defendant Young's request that Plaintiff execute a waiver "to obtain all his medical records over a lifetime, is overly broad, vague and unduly burdensome." (Doc. 54, at 1.) Plaintiff requests that the Court limit disclosure "of only those medical records relevant to the injuries alleged and sustained by Plaintiff within the Amended Complaint," and attaches a "limited authorization" for release of "[o]nly those health records related to head trauma, loss of sight, eye examinations, injury from that certain assault occurring in the Gadsden County Jail on or about July 15, 2007." *Id.* at 2, 9. Defendants respond that they at no time requested Plaintiff's medical records "over a lifetime." Rather, Defendants served two interrogatories that requested Plaintiff to 1) identify each injury he claimed was a result of the incident in his Complaint, and which injuries he claimed were permanent, and 2) state whether he had ever complained to a healthcare provider about the parts of his body that he claimed were injured in the incident in the Complaint. (Doc. 60, at 2.) The Court finds that these interrogatories are reasonable and appropriately tailored to lead to discoverable evidence. The Court also finds that Plaintiff's proposed limited release excessively narrows the scope of discovery by limiting the release to only those records following the alleged assault. Accordingly, Plaintiff's motion for a protective order is due to be denied, and Plaintiff must sign the medical releases provided by Defendant if he has not already done so.

Plaintiff next requests reconsideration of the Court's Order, Doc. 53, in which the Court permitted Plaintiff to serve additional interrogatories on Defendant Young but determined that three of the proposed interrogatories were overbroad and burdensome. Plaintiff proposes new, limited interrogatories in place of the three challenged interrogatories—Nos. 2, 7, and 15—and requests that these interrogatories be served.

Plaintiff also objects to the Court's ruling that Plaintiff be required to pay the costs of copying documents that are responsive to his discovery requests. Defendant Young responds that he served full and complete answers to all of Plaintiff's interrogatories except for the three challenged interrogatories on September 24, 2012. (Doc. 60, at 4.) Defendant Young asserts no objection to service of Plaintiff's three proposed amended interrogatories, and states that he was in the process of responding to those interrogatories at the time of filing his response. The Court finds, accordingly, that Plaintiff's request to serve the three amended interrogatories—Nos. 2, 7, and 15— is due to be granted. The Court additionally finds that no good cause has been shown to modify its Order requiring Plaintiff to pay copying costs for documents that are responsive to his discovery requests. Plaintiff's request that the Court reconsider this requirement is due to be denied.

Plaintiff moves to compel Defendant Sutton to answer his second set of interrogatories, and requests an evidentiary hearing on what he terms as Defendant Sutton's "false answers" to his first set of interrogatories. Plaintiff asserts that he "has received back 14 mailings indicating no such person, no such address, undeliverable, no forwarding and one request was returned by certified mail that Dr. Sutton had never been associated with 'Northside Medical Center.'" (Doc. 56, at 2.)

Initially, Defendants note that Dr. Sutton answered Plaintiff's second set of interrogatories on September 19, 2012, and accordingly Plaintiff's motion to compel is due to be denied as moot. With respect to Dr. Sutton's purportedly false answers, Defendants assert that Dr. Sutton provided Plaintiff with a current copy of her curriculum vitae, which lists employment dating to 1984. With an almost thirty-year

employment history, it is reasonable to assume that certain of Dr. Sutton's prior employers could have moved or closed, such that Plaintiff would be unable to contact them by mail. Defendants also note that Plaintiff's "mailings" to these employers appear to have been the subpoenas that the Court explicitly ordered Plaintiff not to mail without the permission of the Court. (Docs. 39, 41, 43, 44.) Plaintiff has provided no evidence whatsoever that Dr. Sutton's responses to his first set of interrogatories were false, and his allegations to the contrary are speculative and conclusory. Accordingly, the Court finds that Plaintiff's request for an evidentiary hearing on this issue is due to be denied.

Plaintiff next requests that the Court extend the deadlines of the Case Management and Scheduling Order, Doc. 49, by 180 days, and asks for a new discovery deadline of May 9, 2013. Plaintiff asserts that Defendants have been non-responsive to his discovery requests, and repeats his allegation that Defendant Sutton's discovery responses contain "inconsistencies, inaccuracies, and contradictions." (Doc. 58, at 3.)

In response, Defendants assert that they have fully complied with all of Plaintiff's discovery requests, with the exception of the amended interrogatories Nos. 2, 7, and 15. Defendants assert that they were in the process of complying with the amended interrogatories at the time of filing their response. The Court finds that in light of Defendant's representations of compliance, Plaintiff's request for an extension of time is due to be denied. No extension of time is required for Plaintiff to conduct additional discovery on the "inconsistencies" in Dr. Sutton's discovery responses for the reasons

stated above.

Plaintiff requests that the Court issue the following subpoenas to non-parties: 1) Notice of Production and Subpoena to the Florida Sheriff's Self-Insurance Fund, and 2) Notice of Production and Subpoena to the Board of County Commissioners of Gadsden County. As noted, the Court previously ordered Plaintiff to cease sending subpoenas to non-parties without permission of the Court, and cautioned Plaintiff that he must be specific about what records he seeks from non-parties to justify issuance of a subpoena. Plaintiff now specifies that he seeks insurance information from the Florida Sheriff's Self-Insurance Fund, specifically whether Dr. Sutton was insured at the time of the alleged incident. He seeks information about the Sheriff's budget from the Board of County Commissioners. Defendants have stated that they do not object to this request. Accordingly, this motion is due to be granted.

Finally, Plaintiff requests that the Court compel Defendants to respond to the Court's Order to Show Cause. (Doc. 53.) Plaintiff also requests that the Court direct Defendant Young to answer his amended interrogatories Nos. 2, 7, and 15, and that the Court hold an evidentiary hearing on Dr. Sutton's "false answers" to Plaintiff's interrogatories. Defendants have responded to the Court's Order to Show Cause. (Doc. 60.) In response to Plaintiff's motion, Defendants assert that they fully complied with all of Plaintiff's discovery requests, including serving answers to the three amended interrogatories on November 9, 2012. (Doc. 66, at 1.) Plaintiff has not shown good cause for an evidentiary hearing on Dr. Sutton's allegedly "false answers," for the reasons stated above. Accordingly, Plaintiff's motion is due to be denied.

Accordingly, upon due consideration, it is **ORDERED:**

(1) Plaintiff's "Objections to Defendant's Medical Records Demand; Motion for Protective Order; and, Notice of Defendant's Limited Waiver of Medical Records," Doc. 54, is **DENIED**. Plaintiff must sign the waiver for release of medical records proposed by Defendants if he has not already done so.

(2) Plaintiff's "Motion for Reconsideration of Order (Doc. 53), Motion for Leave to Serve Amended Interrogatories on Defendant Morris Young as to Interrogatories #2, 7, and 15," Doc. 55, is **GRANTED in part and DENIED in part**. Plaintiff's motion for reconsideration of the Court's order in Doc. 53 is denied. Plaintiff's motion for leave to serve amended interrogatories on Defendant Young is granted.

(3) Plaintiff's "Motion to Compel Defendant Sutton's Answer to Plaintiff's Second Set of Interrogatories, and Motion for Evidentiary Hearing on False Answers," Doc. 56, is **DENIED**.

(4) Plaintiff's "Motion for Extending the Deadline of the Case Management and Scheduling Order," Doc. 58, is **DENIED**.

(5) Plaintiff's "Motion for Form(s) AO 88B Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action," Doc. 59, is **GRANTED**. The Clerk must issue the requested subpoenas to the Florida Sheriff's Self-Insurance Fund and the Board of County Commissioners of Gadsden County.

(6) Plaintiff's "Motion to Compel an Answer to This Court's Order to Show Cause, Doc. 65, is **DENIED**.

**DONE AND ORDERED** this 30th day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge