# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

HARRY MICHAEL WRIGHT,

    Plaintiff,

v.                                           CASE NO. 4:10cv474-RH/GRJ

MORRIS YOUNG et al.,

    Defendants.

_____/

## FIRST PRETRIAL ORDER

As set out on the record of the hearing on November 15, 2013,

IT IS ORDERED:

1. The trial is rescheduled for the two-week trial period that begins on Monday, March 3, 2014. The clerk must issue a notice.

2. The plaintiff's motion to appoint an attorney, ECF No. 111, is DENIED. But by a separate notice, volunteers will be solicited to represent the plaintiff.

3. The plaintiff's motion, ECF No. 109, for leave to file the second amended complaint is GRANTED. The second amended complaint, ECF No. 110, is deemed filed as of November 15, 2013.

4. The claims will go forward against the defendant Sheriff Morris Young in his official and individual capacities. The claims will go forward against the defendant Dr. Carol Annette Sutton only in her individual capacity, not in her official capacity. The official-capacity claims against Dr. Sutton are dismissed as redundant. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (approving the dismissal of official-capacity defendants whose presence was merely redundant to the naming of an institutional defendant).

5. The parties are granted leave to depose Sheriff Young, Dr. Kenneth Rappaport, Bobby Ellison, and Wayne Usea (whose name may not be accurately set out here). The deadline for taking a deposition is January 31, 2014.

6. The plaintiff (or his attorney, if by then the plaintiff is represented by an attorney) and the defendants' attorney must confer in person by January 17, 2014, to address scheduling issues and exchange exhibits. Each party must make available to the other side at that time an exact copy of each exhibit the party intends to offer in evidence.

7. The plaintiff's motion for alternative dispute resolution, ECF No. 112, is GRANTED. Unless the requirement for mediation is abrogated based on a

motion showing good cause, the parties must mediate this case in accordance with the Rules for Certified and Court-Appointed Mediators adopted by the Florida Supreme Court and the following additional procedures:

(a) The parties may select a mediator by agreement. If the parties have not agreed by January 17, 2014, the defendants must immediately file a notice so indicating, and I will appoint a mediator.

(b) Unless otherwise agreed, the fee of the mediator must be paid equally by the parties. The fee must be paid in the manner determined by the mediator.

(c) The deadline to begin mediation is February 14, 2014. The deadline to finish mediation is also February 14, 2014, but mediation may continue after that date if the mediator determines, after substantial mediation proceedings, that further mediation is warranted.

(d) Each party and an attorney for each represented party must attend the mediation.

(e) Everything said during mediation—other than the terms of any settlement agreement itself—is off the record and inadmissible as a settlement negotiation.

SO ORDERED on November 15, 2013.

                                        s/Robert L. Hinkle
                                        United States District Judge